IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES<br><br>        Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SERVICES, ACTION COLLECTION AGENCY, CAPITAL ONE CREDIT CARD, HOLLIS COBB RECEIVABLE MANAGEMENT PROFESSIONALS, HSBC CARD SERVICE, INC., THE LAW OFFICES OF GARY H. KREPPEL, P.C., JEFERSON CAPITAL SYSTEMS, LLC, MIDLAND CREDIT MANAGEMENT, INC., LUSTIG GLASER & WILSON P.C. FREDRICK J. HANNA, EBAY, INC. BILL ME LATER<br>        Defendant. | CIVIL ACTION NO. 13-cv-12101 |

**NCO FINANCIAL SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant, NCO Financial Systems, Inc. ("NCO"), by and through undersigned counsel, and submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

1.     NCO denies the allegations in ¶ 1 for lack of knowledge or information sufficient to form a belief as to the truth therein.

2.     NCO admits only that it is a business and that it has a place of business at 507 Prudential Road Horsham, PA.  Except as specifically admitted, NCO denies the allegations in ¶ 2.

3.     There are no allegations in ¶ 3 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 3.

4.      There are no allegations in ¶ 4 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 4.

5.      There are no allegations in ¶ 5 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 5.

6.      There are no allegations in ¶ 6 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 6.

7.      There are no allegations in ¶ 7 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 7.

8.      There are no allegations in ¶ 8 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 8.

9.      There are no allegations in ¶ 9 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 9.

10.     There are no allegations in ¶ 10 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 10.

11.     There are no allegations in ¶ 11 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 11.

12.     There are no allegations in ¶ 12 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 12.

13.     There are no allegations in ¶ 13 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 13.

## JURISDICTION

13.     NCO admits the allegations in ¶ 13 for jurisdictional purposes only.

2

14.     NCO admits that Plaintiff purports to bring an action for alleged violations pursuant to 47 U.S.C. § 227 et seq., but denies that Plaintiff has adequately pled such violations and denies that NCO committed any wrongdoing under the law.  Except as specifically admitted, NCO denies the allegations in ¶ 14.

15.     NCO admits only that venue is proper.  Except as specifically admitted, NCO denies any remaining allegations contained in ¶ 15.

16.     NCO denies the allegations in ¶ 16 to the extent the allegations are directed at NCO.

## FACTS

17.     NCO denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief as to the truth therein.

18.     NCO denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief as to the truth therein.

19.     NCO denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief as to the truth therein.

20.     NCO denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief as to the truth therein.

21.     NCO denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief as to the truth therein.

22.     NCO denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief as to the truth therein.

23.     NCO denies the allegations in ¶ 23 to the extent the allegations are directed at NCO.

24.     NCO denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief as to the truth therein.

25.     NCO denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief as to the truth therein.

26.     NCO denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief as to the truth therein.

27.     NCO denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief as to the truth therein.

28.     NCO denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief as to the truth therein.

29.     NCO denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief as to the truth therein.

30.     NCO denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief as to the truth therein.

31.     NCO denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief as to the truth therein.

32.     NCO denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief as to the truth therein.

33.     NCO denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief as to the truth therein.

34.     NCO denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief as to the truth therein**.**

35.     There are no allegations in ¶ 35 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies the allegations in ¶ 35.

36.     NCO denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief as to the truth therein**.**

37.     NCO denies the allegations in ¶ 37 to the extent the allegations are directed at NCO**.**

38.     NCO denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief as to the truth therein**.**

39.     NCO denies the allegations in ¶ 39 to the extent the allegations are directed at NCO**.**

40.     NCO denies the allegations in ¶ 40 to the extent the allegations are directed at NCO**.**

41.     NCO denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief as to the truth therein**.**

42.     NCO denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief as to the truth therein.

43.     NCO denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief as to the truth therein**.**

44.    NCO denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief as to the truth therein.

45.    NCO denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief as to the truth therein.

46.    There are no allegations in ¶ 46 directed at NCO. To the extent an answer is required, NCO denies the allegations in ¶ 46.

47.    NCO denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief as to the truth therein.

48.    NCO denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief as to the truth therein.

49.    NCO denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief as to the truth therein.

50.    NCO denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief as to the truth therein.

51.    NCO denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief as to the truth therein.

52.    NCO denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief as to the truth therein.

53.    There are no allegations in ¶ 53 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies the allegations in ¶ 53.

54.      There are no allegations in ¶ 54 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 54.

55.      There are no allegations in ¶ 55 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 55.

56.      There are no allegations in ¶ 56 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 56.

57.      There are no allegations in ¶ 57 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 57.

58.      There are no allegations in ¶ 58 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies the allegations in ¶ 58.

59.      There are no allegations in ¶ 59 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 59.

60.      There are no allegations in ¶ 60 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 60.

61.      There are no allegations in ¶ 61 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 61.

62.      NCO denies the allegations in ¶ 62 for lack of knowledge or information sufficient to form a belief as to the truth therein.

63.      NCO denies the allegations in ¶ 63 for lack of knowledge or information sufficient to form a belief as to the truth therein.

64.     There are no allegations in ¶ 64 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 64.

65.     There are no allegations in ¶ 65 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 65.

66.     There are no allegations in ¶ 66 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 66**.**

67.     There are no allegations in ¶ 67 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 67**.**

68.     There are no allegations in ¶ 68 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 68.

69.     There are no allegations in ¶ 69 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 69.

70.     There are no allegations in ¶ 70 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 70.

71.     There are no allegations in ¶ 71 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 71.

72.     There are no allegations in ¶ 72 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 72.

73.     There are no allegations in ¶ 73 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 73**.**

74.     There are no allegations in ¶ 74 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 74**.**

75.     There are no allegations in ¶ 75 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies the allegations in ¶ 75.

76.     There are no allegations in ¶ 76 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies the allegations in ¶ 76.

77.     NCO denies the allegations in ¶ 77 for lack of knowledge or information sufficient to form a belief as to the truth therein.

78.     NCO denies the allegations in ¶ 78 for lack of knowledge or information sufficient to form a belief as to the truth therein.

79.     NCO denies the allegations in ¶ 79 for lack of knowledge or information sufficient to form a belief as to the truth therein.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS NCO &Capital

80.     NCO re-alleges and re-avers its answers to the preceding allegations as if set forth fully herein.

81.     NCO denies the allegations in ¶ 81 for lack of knowledge or information sufficient to form a belief as to the truth therein.

82.     NCO denies the allegations in ¶ 82.

83.     There are no allegations in ¶ 83 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 83.

84.     There are no allegations in ¶ 84 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 84.

85.     There are no allegations in ¶ 85 directed at NCO.  To the extent an answer is required, NCO denies the allegations in ¶ 85.

86.     NCO denies the allegations in ¶ 86.

87.     NCO denies the allegations in ¶ 87 to the extent the allegations are directed at NCO.

88.     NCO denies the allegations in ¶ 88 to the extent the allegations are directed at NCO.

89.     NCO denies the allegations in ¶ 89 to the extent the allegations are directed at NCO.

90.     NCO denies the allegations in ¶ 90 to the extent the allegations are directed at NCO.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS NCO, Action, Capital, HSBC, Gary, Jefferson, Midland, Lustig.

91.     NCO re-alleges and re-avers its answers to the preceding allegations as if set forth fully herein.

92.     NCO denies the allegations in ¶ 92 for lack of knowledge or information sufficient to form a belief as to the truth therein.

93.     To the extent the allegation is directed at NCO, NCO admits only that part of its business includes the collection of debts originally owed to others.   Except as specifically admitted, NCO denies the allegation in ¶ 93.

94.     **NCO denies the allegation in ¶ 94 to the extent the allegations are directed at NCO.**

**COUNT III**
**Violation of MGL c. 93A**
**Unfair or Deceptive Acts or Practices in Violation of G. L. c. 93A,§ 2**
**BY DEFENDANTS**
**NCO, Action, Capital, Hollis, HSBC, Gary, Jefferson, Midland, Lustig, Fredrick,**
**EBay & Bill Me Later**

95.     NCO re-alleges and re-avers its answers to the preceding allegations as if set forth fully herein.

96.     NCO denies the allegations in ¶ 96 for lack of knowledge or information sufficient to form a belief as to the truth therein.

97.     NCO denies the allegations in ¶ 97 for lack of knowledge or information sufficient to form a belief as to the truth therein.

98.     NCO denies the allegations in ¶ 98 to the extent the allegations are directed at NCO.

99.     NCO denies the allegations in ¶ 99 for lack of knowledge or information sufficient to form a belief as to the truth therein.

100.    NCO denies the allegations in ¶ 100 for lack of knowledge or information sufficient to form a belief as to the truth therein.

**COUNT IV**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS PRACTICES ACT47 U.S.C. §227**
**BY DEFENDANTS NCO, Action, Capital, Hollis, HSBC, Gary, Jefferson, Midland,**
**Lustig, Fredrick, EBay & Bill Me Later**

101.    NCO re-alleges and re-avers its answers to the preceding allegations as if set forth fully herein**.**

102.    NCO denies the allegations in ¶ 102 to the extent the allegations are directed at NCO**.**

103.    NCO denies the allegations in ¶103 to the extent the allegations are directed at NCO**.**

**COUNT V**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5) BY DEFENDANTS**
**NCO,Action,Capital,Hollis,HSBC,Gary,Jefferson,Midland,Lustig,Fredrick, Bill Me**
**Later and EBay**

104.    NCO re-alleges and re-avers its answers to the preceding allegations as if set forth fully herein**.**

105.    NCO denies the allegations in ¶ 105 to the extent the allegations are directed at NCO**.**

106.    NCO denies the allegations in ¶ 106 to the extent the allegations are directed at NCO.

**COUNT VI**
**VIOLATIONS OF THE MASSACHUSETTE DEBT COLLECTION**
**REGULATIONS ACT BY DEFENDANTS NCO, Action, Capital, Hollis, HSBC,**
**Gary, Jefferson, Midland, Lustig, Fredrick, Bill Me Later and EBay**

107.    NCO re-alleges and re-avers its answers to the preceding allegations as if set forth fully herein.

108.    NCO denies the allegations in ¶ 108 to the extent the allegations are directed at NCO.

109.    To the extent the allegations are directed at NCO, NCO admits only that part of its business includes the collection of debts originally owed to others.   Except as specifically admitted, NCO denies the allegations in ¶ 93.

110.    NCO denies the allegations in ¶ 110 to the extent the allegations are directed at NCO.

AND NOW, in further answer to the Complaint, NCO Financial Systems, Inc. avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

One or more of the Counts contained in the Complaint fail to state a claim against NCO upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event NCO is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona

fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming Plaintiff suffered any damages, which is denied, Plaintiff failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

Respectfully submitted,

NCO Financial Services, Inc.
By its attorney,


*/s/ Jennifer L. Markowski*
Jennifer L. Markowski, BBO#655927
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02110-2261
Telephone: (617) 951-2010
jmarkowski@peabodyarnold.com

## CERTIFICATE OF SERVICE

I certify that on this 20th day of September, 2013, a copy of the foregoing Defendant NCO Financial Systems, Inc.'s Corporate Disclosure Statement was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff and all counsel as described below.  Parties may access this filing through the Court's system.

Paul Jones
572 Park Street
Stoughton, MA  02072
Plaintiff

Brian F. Hogencamp
Lustig, Glaser & Wilson P.C.
245 Winter Street
Suite 300
Waltham, MA 02451
781-449-3000
Email: bhogencamp@lgw.com
Attorney for Lustig, Glaser & Wilson, P.C.

Gary H. Kreppel
Donald W. Seeley , Jr.
The Law Offices of Gary H. Kreppel, P.C..
33 Boston Post Road West
Suite 590
Marlborough, MA 01752
508-820-1150
Email: gKreppel@Kreppellaw.com
Email: dseeley@kreppellaw.com
Attorneys for The Law Offices of Gary H. Kreppel

/s/ Jennifer Markowski
Jennifer Markowski

806497_1

15633-97697