UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES,

        Plaintiff,

v.

NCO FINANCIAL SERVICES, ACTION
COLLECTION AGENCY, CAPITAL ONE
CREDIT CARD, HOLLIS COBB
RECEIVABLE MANAGEMENT
PROFESSIONALS, HSBC CARD SERVICE
INC, THE LAW OFFICES OF GARY H.
KREPPEL, P.C., JEFFERSON CAPITAL
SYSTEMS LLC, MIDLAND CREDIT
MANAGEMENT INC., LUSTIG GLASER &
WILSON P.C., FREDRICK J. HANNA,
EBAY INC., BILL ME LATER,

        Defendants.

CIVIL ACTION NO.   1:13-cv-12101-DJC

## ANSWER OF DEFENDANT ACTION COLLECTION AGENCY
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The defendant Action Collection Agency ("Action") answers the First Amended

Complaint of Paul Jones ("Jones") as follows:

PARTIES

1.    Action is without sufficient knowledge to admit or deny the allegations

contained in paragraph 1 of the First Amended Complaint and calls upon Jones to prove the

same.

2.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the First Amended Complaint and calls upon Jones to prove the same.

3.      Action admits that its principal place of business is in Massachusetts, but denies the remaining allegations contained in paragraph 3 of the First Amended Complaint and calls upon Jones to prove the same.

4.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the First Amended Complaint and calls upon Jones to prove the same.

5.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the First Amended Complaint and calls upon Jones to prove the same.

6.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the First Amended Complaint and calls upon Jones to prove the same.

7.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the First Amended Complaint and calls upon Jones to prove the same.

8.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the First Amended Complaint and calls upon Jones to prove the same.

9.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the First Amended Complaint and calls upon Jones to prove the same.

10.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the First Amended Complaint and calls upon Jones to prove the same.

11.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the First Amended Complaint and calls upon Jones to prove the same.

12.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the First Amended Complaint and calls upon Jones to prove the same.

13.      Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the First Amended Complaint and calls upon Jones to prove the same.

JURISDICTION

13. (sic)  Paragraph 13 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Action notes that Jones improperly pleads paragraph "13" in two consecutive paragraphs.

14.      Paragraph 14 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained therein.

15.     Paragraph 15 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

16.     Paragraph 16 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

## FACTS

17.     Paragraph 17 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained therein.

18.     Paragraph 18 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action is without sufficient knowledge to determine the definition of "an established business relationship" as alleged in paragraph 18 of the First Amended Complaint.  Action denies the remaining allegations contained in paragraph 18 of the First Amended Complaint to the extent said allegations are directed to Action.

19.     Action denies each and every allegation contained in paragraph 19 of the First Amended Complaint to the extent said allegations are directed to Action.

20.     Action denies making any calls to the Plaintiff.  Action denies the remaining allegations contained in paragraph 20 of the First Amended Complaint to the extent said allegations are directed to Action.

21.     Action denies making any calls to the Plaintiff.  Action denies the remaining allegations contained in paragraph 21 of the First Amended Complaint to the extent said allegations are directed to Action.

22.     Paragraph 22 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations regarding his "service" as alleged in paragraph 22 of the First Amended Complaint.  Action denies the remaining allegations contained in paragraph 22 of the First Amended Complaint to the extent said allegations are directed to Action.

23.     Action denies each and every allegation contained in paragraph 23 of the First Amended Complaint to the extent said allegations are directed to Action.

24.     Action denies each and every allegation contained in paragraph 24 of the First Amended Complaint to the extent said allegations are directed to Action.  Moreover, this paragraph sets forth inappropriate accusations and should be stricken from the record.

25.     Action is without sufficient knowledge to determine which "Defendant" Jones directs the allegations to in paragraph 25 of the First Amended Complaint. Furthermore, Action is without sufficient knowledge to determine what Jones refers to when stating "these calls" in paragraph 25 of the First Amended Complaint. Action denies the remaining allegations contained paragraph 25 of the First Amended Complaint to the extent said allegations are directed to Action.

26.     Action denies each and every allegation contained in paragraph 26 of the First Amended Complaint to the extent said allegations are directed to Action.

27.     Paragraph 27 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained in paragraph 27 of the First Amended Complaint to the extent said allegations are directed to Action.

5

28.     Paragraph 28 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action is without sufficient knowledge to determine the definition of "established business relationship" as alleged in paragraph 28 of the First Amended Complaint.  Action denies the remaining allegations contained in paragraph 28 of the First Amended Complaint to the extent said allegations are directed to Action.

29.     Action denies each and every allegation contained in paragraph 29 of the First Amended Complaint to the extent said allegations are directed to Action.

30.     Action is without sufficient knowledge to admit or deny the allegation that "Plaintiff has a contract with his phone provider for 2000 minutes per month" and calls upon Jones to prove the same.  Action denies the remaining allegations contained in paragraph 30 of the First Amended Complaint to the extent said allegations are directed to Action.

31.     Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 31 of the First Amended Complaint and calls upon Jones to prove the same.

32.     Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 32 of the First Amended Complaint and calls upon Jones to prove the same.

33.     Paragraph 33 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained therein.

34. Action denies each and every allegation contained in paragraph 34 of the First Amended Complaint to the extent said allegations are directed to Action.

35.     Paragraph 35 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained therein.

36.     Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 36 of the First Amended Complaint and calls upon Jones to prove the same.

37.     Paragraph 37 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegation that it "had a duty to make sure that [its] client still owned the number …" as Jones has not alleged that Action's "client" ever owned any of Jones's alleged telephone numbers. Action denies the remaining allegations contained in paragraph 37 of the First Amended Complaint to the extent said allegations are directed to Action.

38.     Action denies each and every allegation contained in paragraph 38 of the First Amended Complaint to the extent said allegations are directed to Action.

39.     Action denies each and every allegation contained in paragraph 39 of the First Amended Complaint to the extent said allegations are directed to Action.

40.     Paragraph 40 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 40 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required

to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

41.     Action denies that the statements contained in paragraph 41 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

42.     Paragraph 42 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

43.     Action denies the allegations contained in paragraph 43 of the First Amended Complaint to the extent said allegations are directed to Action.

44.     Action denies that the statements contained in paragraph 44 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

45.     Action denies that the statements contained in paragraph 45 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

46.     Action denies that the statements contained in paragraph 46 of the First Amended Complaint require a response from Action as they do not constitute allegations

asserted against Action. To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

47.     Action denies that the statements contained in paragraph 47 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action. To the extent Action is required to respond, Action denies the allegations contained therein to the extent said allegations are directed to Action.

48.     Action denies the allegation that anyone at Action spoke with Jones at any time. Action admits that it briefly exchanged correspondence with Jones prior to the commencement of this action. Action denies the remaining allegations contained in paragraph 48 of the First Amended Complaint to the extent said allegations are directed to Action.

49.     Action denies each and every allegation contained in paragraph 49 of the First Amended Complaint to the extent said allegations are directed to Action.

50.     Action is without sufficient knowledge to determine the definition of "contracted any business" as alleged in paragraph 50 of the First Amended Complaint. Action denies the remaining allegations contained in paragraph 50 of the First Amended Complaint to the extent said allegations are directed to Action.

51. Action denies each and every allegation contained in paragraph 51 of the First Amended Complaint to the extent said allegations are directed to Action.

52.     Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 52 of the First Amended Complaint and calls upon Jones to prove the same.

53.     Paragraph 53 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

54.     Action denies that the statements contained in paragraph 54 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

55.     Action denies that the statements contained in paragraph 55 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

56.     Action denies that the statements contained in paragraph 56 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

57.     Paragraph 57 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 57 of the First Amended Complaint require a response from Action as

they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

58.     Paragraph 58 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 58 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

59.     Action denies the statements contained in paragraph 59 of the First Amended Complaint.

60.     Action denies that the statements contained in paragraph 60 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

61.     Paragraph 61 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 61 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

62.     Action denies that the statements contained in paragraph 62 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action. To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

63.     Paragraph 63 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond. Furthermore, Action denies that the statements contained in paragraph 63 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action. To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

64.     Action denies that the statements contained in paragraph 64 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action. To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

65.     Paragraph 65 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond. Furthermore, Action denies that the statements contained in paragraph 65 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action. To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

66.     Action denies that the statements contained in paragraph 66 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

67.     Paragraph 67 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 67 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

68.     Action denies that the statements contained in paragraph 68 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action. To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

69.     Action denies that the statements contained in paragraph 69 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

70.     Paragraph 70 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 70 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

71.     Paragraph 71 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 71 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

72.     Paragraph 72 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 72 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

73.     Action denies each and every allegation contained in paragraph 73 of the First Amended Complaint.

74.     Paragraph 74 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements

contained in paragraph 74 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

75.     Paragraph 75 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained therein to the extent said allegations are directed to Action.

76.     Paragraph 76 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained therein to the extent said allegations are directed to Action.

77.     Action denies each and every allegation contained in paragraph 77 of the First Amended Complaint to the extent said allegations are directed to Action.

78.     Action is without sufficient knowledge to admit or deny the allegations contained in paragraph 78 of the First Amended Complaint and calls upon Jones to prove the same.

79.     Paragraph 79 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action is without sufficient knowledge to determine the definition of "prior or present existing relationship" as alleged in paragraph 79 of the First Amended Complaint.  Action denies the remaining allegations contained in paragraph 79 of the First Amended Complaint to the extent said allegations are directed to Action.

<u>COUNT I</u>
<u>VIOLATION  OF THE FAIR CREDIT  REPORTING ACT (FCRA), 15 U.S.C. § 1681</u>
<u>WILLFUL NON-COMPLIANCE BY THE DEFENDANTS NCO & CAPITAL</u>

80.     Action repeats and re-alleges its responses to each and every allegation set forth above.

81.     Paragraph 81 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

82.     Paragraph 82 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

83.     Paragraph 83 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

84.     Paragraph 84 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

85.     Paragraph 85 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.

86.     Paragraph 86 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 86 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient  knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

87.     Paragraph 87 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 87 of the First Amended Complaint require a response from Action

as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

88.     Paragraph 88 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 88 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

89.     Paragraph 89 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 89 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

90.     Paragraph 90 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  Furthermore, Action denies that the statements contained in paragraph 90 of the First Amended Complaint require a response from Action as they do not constitute allegations asserted against Action.  To the extent Action is required to respond, Action is without sufficient knowledge to admit or deny the allegations contained therein and calls upon Jones to prove the same.

Action denies that the statements contained in the WHEREFORE paragraph require a response from Action as they do not constitute allegations asserted against Action.

COUNT II
VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, SBC, GARY, JEFFERSON, MIDLAND AND LUSTIG

91.     Action repeats and re-alleges its response to each and every allegation set forth above.

92.     Paragraph 92 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond. To the extent Action is required to respond, Action denies the allegations contained therein.

93.     Paragraph 93 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond. To the extent Action is required to respond, Action denies the allegations therein.

94.     Action denies each and every allegation contained in paragraph 94 of the First Amended Complaint, including all subparts, to the extent said allegations are directed to Action.

Action denies each and every allegation contained in the WHEREFORE paragraph of the First Amended Complaint to the extent said allegations are directed to Action. Furthermore, Action denies that Jones is entitled to any statutory damages or any other relief from or against Action.

<u>COUNT III</u>
<u>VIOLATION OF MGL C. 93A UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN
VIOLATION OF G.L.C. 93A, § 2
BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON,
MIDLAND, LUSTIG, FREDRICK AND EBAY.</u>

95.     Action repeats and re-alleges each and every response to the allegations set

forth above.

96.     Action denies each and every allegation contained in paragraph 96 of the

First Amended Complaint to the extent said allegations are directed to Action.

97.     Action denies each and every allegation contained in paragraph 97 of the

First Amended Complaint to the extent said allegations are directed to Action.

98.     Action denies each and every allegation contained in paragraph 98 of the

First Amended Complaint to the extent said allegations are directed to Action.

99.     Action denies each and every allegation contained in paragraph 99 of the

First Amended Complaint to the extent said allegations are directed to Action.

100.     Action denies each and every allegation contained in paragraph 100 of the

First Amended Complaint to the extent said allegations are directed to Action.

Action denies each and every allegation contained in the WHEREFORE paragraph

of the First Amended Complaint to the extent said allegations are directed to Action.

Furthermore, Action denies that Jones is entitled to any damages or any other relief from

or against Action.

<u>COUNT IV</u>
<u>VIOLATION OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT 47 U.S.C.</u>
<u>§ 227 BY DEFENDANTS  NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY,</u>
<u>JEFFERSON,  MIDLAND,  LUSTIG, FREDRICK, BILL AND EBAY.</u>

101.    Action repeats and re-alleges each and every response to the allegations

set forth above.

102.    Action denies each and every allegation contained in paragraph 102 of the

First Amended Complaint to the extent said allegations are directed to Action.

103.    Action denies each and every allegation contained in paragraph 103 of the

First Amended Complaint, including all subparts, to the extent said allegations are directed

to Action.

Action denies each and every allegation contained in the WHEREFORE paragraph of

the First Amended Complaint, including all subparts, to the extent said allegations are directed

to Action.  Furthermore, Action denies that Jones is entitled to any damages, costs, fees or

other relief from or against Action.

<u>COUNT V</u>
<u>VIOLATIONS OF THE TELEPHONE</u>
<u>COMMUNICATIONS ACT 47 U.S.C. § 227(B)(2)(5) BY DEFENDANTS</u>
<u>NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY,  JEFFERSON,  MIDLAND, LUSTIG,</u>
<u>FREDRICK, BILL AND EBAY</u>

104.    Action repeats and re-alleges its responses to each and every allegation

set forth above.

105.    Action denies each and every allegation contained in paragraph 105 of the

First Amended Complaint to the extent said allegations are directed to Action.

106.    Action denies each and every allegation contained in paragraph 106 of the

First Amended Complaint to the extent said allegations are directed to Action.

Action denies each and every allegation contained in the WHEREFORE paragraph of the First Amended Complaint, including all subparts, to the extent said allegations are directed to Action.  Furthermore, Action denies that Jones is entitled to any actual and/or statutory damages, punitive damages, attorney's fees, costs, or other relief from or against Action.

COUNT VI
VIOLATIONS OF THE MASSACHUSETTE (SIC) DEBT COLLECTION REGULATIONS ACT BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON, MIDLAND, LUSTIG, FREDRICK, BILL AND EBAY INC.

107.    Action repeats and re-alleges its responses to each and every allegation set forth above.

108.    Action denies each and every allegation contained in paragraph 108 of the First Amended Complaint to the extent said allegations are directed to Action.

109.    Paragraph 109 of the First Amended Complaint alleges conclusions of law to which Action is not required to respond.  To the extent Action is required to respond, Action denies the allegations contained in paragraph 109 of the First Amended Complaint.

110.    Action denies each and every allegation contained in paragraph 110 of the First Amended Complaint, including all subparts, to the extent said allegations are directed to Action.

Action denies each and every allegation contained in the WHEREFORE paragraph of the First Amended Complaint, including all subparts, to the extent said allegations are directed to Action.  Furthermore, Action denies that Jones is entitled to any actual and/or statutory damages, punitive damages, attorney's fees, costs, or other relief from or against Action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The First Amended Complaint fails to state a claim for which relief may be granted on each and every count against Action.

### Second Affirmative Defense

The allegations against Action fail for misnomer of a party.

### Third Affirmative Defense

The allegations against Action are barred by fraud.

### Fourth Affirmative Defense

The allegations against Action are barred by illegality.

### Fifth Affirmative Defense

The allegations against Action are barred by the doctrine of laches.

### Sixth Affirmative Defense

The allegations against Action are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

The allegations against Action are barred by the doctrine of waiver.

### Eighth Affirmative Defense

The allegations against Action are barred by the doctrine of *in pari delicto.*

### Ninth Affirmative Defense

The allegations against Action are barred by the applicable statute of limitations.

### Tenth Affirmative Defense

Jones is barred from recovery due to his own willful and wanton misconduct in violation of law and public policy.

### Eleventh Affirmative Defense

Jones, by his own conduct, and the conduct of his agents and servants, is

estopped to recover any judgment against Action.

### Twelfth Affirmative Defense

If Jones suffered injuries or damage, as alleged, such injuries or damage were

caused by someone for whose conduct Action was not and is not legally responsible.

### Thirteenth Affirmative Defense

Jones failed to mitigate his damages, if any.

### Fourteenth Affirmative Defense

The First Amended Complaint fails to set forth the necessary elements to sustain a

valid cause of action under the Federal Fair Debt Collection Practices Act (15 U.S.C. §

1692 *et seq)*.

### Fifteenth Affirmative Defense

The First Amended Complaint was filed in bad faith and solely for the purpose of

harassment. Action reserves the right to seek costs and reasonable attorney's fees incurred

in defending this action, pursuant to 15 U.S.C. § 1692k.

### Sixteenth Affirmative Defense

The First Amended Complaint was signed and filed in violation of Fed. R. Civ. P.

11(b).

### Seventeenth Affirmative Defense

If any violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq)*

are found, which Action denies, then Action is not liable pursuant to 15

U.S.C. § 1692(c), as such alleged violations were the result of bona fide errors notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors.

Eighteenth Affirmative Defense

Action reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

For the foregoing reasons, Action respectfully requests that this Court enter judgment against Jones and that the First Amended Complaint be dismissed with prejudice, along with such other and further relief as this Honorable Court may deem just and proper.

ACTION ASSOCIATES, INC.

By its attorneys,

/s/ John J. O'Connor
John J. O'Connor
BBO #555251
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2261
Tel. (617) 951-2100
Fax. (617) 951-2125
joconnor@peabodyarnold.com

Dated:  September 27, 2013

<u>CERTIFICATE OF SERVICE</u>

I, John J. O'Connor, do hereby certify, that I have, this 27th day of September, 2013, served the foregoing above document, by causing a copy thereof to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and to be served by First Class Mail Postage Prepaid to the following counsel of record:

Paul Jones
572 Park Street
Stoughton, MA  02072


/s/John J. O'Connor
John J. O'Connor

806478_1
15890-97681