PAUL JONES,

          Plaintiff,

v.

NCO FINANCIAL SERVICES, ACTION
COLLECTION AGENCY, CAPITAL ONE
CREDIT CARD, HOLLIS COBB
RECIEVABLE MANAGEMENT
PROFESSIONALS, HSBC CARD SERVICE,
INC., THE LAW OFFICES OF GARY H.
KREPPEL, P.C., JEFFERSON CAPITAL
SYSTEMS, LLC, FJH MANAGEMENT, INC.,
LUSTIG GLASER & WILSON, P.C.,
FREDERICK J. HANNA, EBAY, INC., BILL
ME LATER,

          Defendants.

CIVIL ACTION NO. 1:13-cv-12101-DJC

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Frederick J. Hanna, P.C.[1]., ("FJH"), hereby responds to the numbered paragraphs of the Complaint as follows:

### Parties

1.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

3.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint.

---

[1] Frederick J. Hanna, P.C. is improperly identified by the Plaintiff as Frederick J. Hanna.

4.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.      FJH admits that under certain circumstances, it may be considered a debt collector as that term is defined under the Fair Debt Credit Practices Act.   Further answering, FJH denies the remaining allegations set forth in paragraph 11 of the Amended Complaint.

12.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13.      FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

**Jurisdiction**

13.[2]     Paragraph 13 states a conclusion of law to which no response is required and is otherwise denied.

14.     The first allegation set forth in paragraph 14 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied. Further answering, FJH denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15.     Paragraph 15 states a conclusion of law to which no response is required and is otherwise denied.

16.     Paragraph 16 states a conclusion of law to which no response is required and is otherwise denied.

**Facts**

17.     Paragraph 17 states a conclusion of law to which no response is required and is otherwise denied.

18.     FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Amended Complaint.

19.     FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Amended Complaint.

20.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

---

[2] Plaintiff's Amended Complaint contains two paragraphs numerically identified as number 13. For purposes of ease and consistency, FJH adopts this numbering.

34370550v1 0951092

21.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Amended Complaint.

24.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Amended Complaint.

25.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Amended Complaint.

27.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.     FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Amended Complaint.

29.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Amended Complaint.

34370550v1 0951092

30.     FJH is without sufficient information to form a belief as to the truth of the first allegation set forth in paragraph 30 of the Amended Complaint.  Further answering, FJH denies the remaining allegation set forth in paragraph 30 of the Complaint as they pertain to FJH.

31.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.     Paragraph 33 purports to describe the damages sought by the Plaintiff in the underlying matter, and thus no response is required.  To the extent a response is required, FJH denies the allegations contained therein.

34.     FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Amended Complaint.

35.     Paragraph 35 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

36.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.     Paragraph 37 of the Amended Complaint states a conclusion of law to which no response is required and is otherwise denied.

38.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.     Denied with respect to FJH.  Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Amended Complaint.

40. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42. Paragraph 42 purports to describe the Plaintiff's intentions in the underlying matter, and thus no response is required. To the extent a response is required, FJH denies the allegations contained therein.

43. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47. FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48. Denied with respect to FJH. Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Amended Complaint.

49. Denied with respect to FJH. Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Amended Complaint.

34370550v1 0951092

50.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Paragraph 53 states a conclusion of law to which no response is required and is otherwise denied.

54.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint.

57.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint.

59.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint.

60.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

34370550v1 0951092

61.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint.

64.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint.

66.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint.

68.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70.     Denied.

71.     Denied.

72.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint.

34370550v1 0951092

73.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75.     Paragraph 75 states a conclusion of law to which no response is required and is otherwise denied.  Further answering, FJH denies the last allegation set forth in paragraph 75 of the Amended Complaint.

76.     Paragraph 76 states a conclusion of law to which no response is required and is otherwise denied.  Further answering, FJH denies the last allegation set forth in paragraph 76 of the Amended Complaint.

77.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint.

78.     FJH is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint.

79.     FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 79 of the Amended Complaint.

## <u>Count I</u>

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS NCO & CAPITAL

80.     FJH repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 79 as if fully set forth herein.

81.     The allegations set forth in paragraph 81 of the Amended Complaint are not directed toward FJH and therefore no response is required.  To the extent a response is required, FJH denies the allegations contained therein.

34370550v1 0951092

82. Paragraph 82 states a conclusion of law to which no response is required and is otherwise denied.

83. Paragraph 83 states a conclusion of law to which no response is required and is otherwise denied.

84. Paragraph 84 states a conclusion of law to which no response is required and is otherwise denied.

85. Paragraph 85 states a conclusion of law to which no response is required and is otherwise denied.

86. The allegations set forth in paragraph 86 of the Amended Complaint are not directed toward FJH and therefore no response is required. To the extent a response is required, FJH denies the allegations contained therein.

87. The allegations set forth in paragraph 87 of the Amended Complaint are not directed toward FJH and therefore no response is required. To the extent a response is required, FJH denies the allegations contained therein.

88. Paragraph 88 states a conclusion of law to which no response is required and is otherwise denied.

89. The allegations set forth in paragraph 89 of the Amended Complaint are not directed toward FJH and therefore no response is required. To the extent a response is required, FJH denies the allegations contained therein.

90. The allegations set forth in paragraph 90 of the Amended Complaint are not directed toward FJH and therefore no response is required. To the extent a response is required, FJH denies the allegations contained therein.

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 BY DEFENDANTS NCO, ACTION, CAPITAL, HSBC, JEFFERSON, MIDLAND, LUSTIG

91.    FJH repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 90 as if fully set forth herein.

92.    The allegations set forth in paragraph 92 of the Amended Complaint are not directed toward FJH and therefore no response is required.  To the extent a response is required, FJH denies the allegations contained therein.

93.    The allegations set forth in paragraph 93 of the Amended Complaint are not directed toward FJH and therefore no response is required.  To the extent a response is required, FJH denies the allegations contained therein.

94.    The allegations set forth in paragraph 94 of the Amended Complaint are not directed toward FJH and therefore no response is required.  To the extent a response is required, FJH denies the allegations contained therein.

## COUNT III

## VIOLATION OF MGL 93A
## UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF G.L. C. 93A, § 2 BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON, MIDLAND, LUSTIG, FREDERICK, BILL ME LATER AND EBAY

95.    FJH repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 94 as if fully set forth herein.

96.    FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 96.

34370550v1 0951092

97.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 97 of the Amended Complaint.

98.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 98 of the Amended Complaint.

99.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 99 of the Amended Complaint.

100.     Denied.

## COUNT IV

## VIOLATION OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT 47 U.S.C. § 227 BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON, MIDLAND, LUSTIG, FREDERICK, BILL ME LATER AND EBAY

101.     FJH repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 100 as if fully set forth herein.

102.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 102 of the Amended Complaint.

103.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 103 of the Amended Complaint.

34370550v1 0951092

## COUNT V

## VIOLATION OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT 47 U.S.C. § 227(b)(2)(5) BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON, MIDLAND, LUSTIG, FREDERICK, BILL ME LATER AND EBAY

104.     FJH repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 103 as if fully set forth herein.

105.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 105 of the Amended Complaint.

106.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 106 of the Amended Complaint.

## COUNT VI

## VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION REGULATIONS ACT BY DEFENDANTS NCO, ACTION, CAPITAL, HOLLIS, HSBC, GARY, JEFFERSON, MIDLAND, LUSTIG, FREDERICK, BILL ME LATER AND EBAY

107.     FJH repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 106 as if fully set forth herein.

108.     Denied with respect to FJH.   Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 108 of the Amended Complaint.

109.     Paragraph 109 states a conclusion of law to which no response is required and is otherwise denied.

34370550v1 0951092

110. Denied with respect to FJH. Further answering, FJH is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 110 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, FJH alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction of over the TCPA claims asserted by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is an unintentional recipient of the alleged calls, and is therefore not a "called party" for purposes of the TCPA. Accordingly, Plaintiff lacks standing to assert the underlying claim.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's TCPA claims can only be brought in state court.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages and her claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

34370550v1 0951092

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff consented to receive any alleged prerecorded message calls and auto-dialed calls on her cell phone by providing her cell phone number to the creditor.

## EIGHTH AFFIRMATIVE DEFENSE

FJH's telephone system is not an automatic telephone dialing system under 47 U.S.C. § 227(a) because the telephone system does not use a random or sequential number generator to store or produce or dial telephone numbers. Moreover, FJH's system entails human intervention.

## NINTH AFFIRMATIVE DEFENSE

FJH states that if it violated the TCPA, which it denies, FJH had established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has an established business relationship with FJH such that her claims under the TCPA are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver, laches, ratification, unclean hands, and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

FJH states that if it violated the Fair Debt Collection Practices Act, which it denies, the violation occurred as a result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

34370550v1 0951092

FJH reserves the right to supplement these affirmative defenses as discovery proceeds.

FJH reserves the right to supplement these affirmative defenses as discovery proceeds. FJH further reserves the rights to seek costs and attorney's fees pursuant to *15 U.S.C. §§ 1692k(a)(3)* in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing FJH.

FREDERICK J. HANNA, P.C.,

By Its Attorneys

*/s/ Andrew M. Schneiderman*
Ranen S. Schechner, BBO #655641
Andrew M. Schneiderman, BBO #666252
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)

Dated:      October 7, 2013

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

34370550v1 0951092