UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS        2014 MAR 25  P 4: 10

PAUL M JONES

    Plaintiff                              Civil Action No. 1:13-cv-12101-DJC

V.

NCO Financial Services et al

Defendants

## PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

### INTRODUCTION AND REQUEST FOR EXPEDITED RULING

This motion arises from Defendants' NCO pervasive violations of their obligations under Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, the failure to search for and produce responsive items; and the failure to obey explicit orders of the Court. Among Defendants' many specific discovery violations, this Motion will address:

The failure to produce responsive items and to supplement discovery as ordered by the Court, including the failure to serve any response at all Plaintiffs' First Request for Production of documents to the individual defendant NCO;

**The failure to comply with specific instructions issued by the Court on February 6, 2014.**

## Request for expedited ruling

**Plaintiffs respectfully request Oral Arguments an expedited ruling on this Motion in the interest of preventing any further loss of plaintiff's time for discovery.**

**The Court should:**

**• Order Defendants fully to comply with discovery.**

**• Award the reasonable attorneys' fees and costs incurred by Plaintiffs as a result of Defendants' continued and repeated failure to comply with discovery.**

**• Plaintiffs request the Court to enforce all orders granted under this motion by a finding of civil contempt.**

**• Impose such punitive sanctions, if any, as the Court finds appropriate.**

### FACTUAL BACKGROUND

The underlying matter is a claim brought pursuant to the Telephone Consumer Protection Act ("TCPA"),Federal Debt Collection Practices Act, Massachusetts Debt Collection Practices Act and other consumer protection statutes. Plaintiff previously served discovery requests on NCO to which NCO timely responded but failed to answer any of the questions where the plaintiff can get information needed to get to the truth of the matter. Plaintiff now moves to compel NCO to provide further responses to his First Set of Interrogatories and Request for Production of Documents ordered by Judge Bowler on February 6, 2014. Plaintiff requested a telephone conference as required by the local rules on March 24, 2014 attorney Shannon called and upon communication with Attorney Shannon about the issue to receive my first set of discovery she stated that I must provide here with a list of other number that NCO has

called (I gave them to NCO already) these are the shenanigans that this attorney is trying to wear me down with she has all my telephone numbers already.

she stated that she must move on and refused to let plaintiff speak instead speaking over plaintiff and I simply told her after trying to have a conversation with her that I to must move on also and stated that I had no choice but to file the motion of contempt and another motion to compel and hung up the phone.

Furthermore, Plaintiff's request has been stoned walled even after magistrate judge Bowler ordered NCO to produce all Bates records (Only Name redacted if not plaintiffs account) of the 6 accounts and 11 telephone numbers at issue NCOs attorneys have told plaintiff they will not produce unless he signs a protective order plaintiff has stated that he would under certain circumstances but NCO refuses to compromise.

Plaintiff has tried several times to narrow the issue before he filed this motion.

**NCO failed to produce the documents BATES RECORDS as ordered by the Court.**

At the February 6, 2014 court hearing magistrate judge Bowler ordered NCO,s and Fredrick J. Hannas attorneys to produce all Bates Records for the 11 telephone numbers and 6 accounts they have with only the names on the accounts redacted if the account was not Plaintiffs accounts to be produced to Plaintiffs no later than February 6,2014 NCO has failed to do so.

**"ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Marianne B. Bowler: Motion Hearing held on 2/6/2014 re70 MOTION to Strike 63 MOTION to Compel *and Opposiiton to Plaintiff's Motion to Compel Responses to Discovery* filed by Frederick J. Hanna, 63 MOTION to Compel filed by Paul Jones. COurt hears argument on the motions. Docket entry 63 is allowed in part and denied in part -**

**defendants are ordered to produce discovery as stated on the record in open court. Docket entry 70 is denied. Attorneys present: Jones on his own behalf, Geier, Schneiderman, Markowski) (Garvin, Brendan) (Entered: 02/07/2014)**

**Defendants have failed to produce and Bates Records ordered by the Court.**

Defendant NCO has not produced any records at all they have sent plaintiff a protective order and stated that they are prepared to give him what the court ordered them to only if plaintiff signs a protective order.

During the February 6, 2014 hearing the Court explicitly ordered Defendants NCO to produce all the Bates records unredacted to the plaintiff within 30 days which would have been March 8, 2014 NCO attorneys have stoned wall plaintiff and just refuses to obey the court order.

Plaintiff is a prose and the attorneys are dragging this out, plaintiff is unable to hold deposition without the discovery the judge ordered them to give me.

Plaintiff must also request extended time be added to discovery because of this.

**The responsibility of Defendants.**

Defendants are responsible for the general failure to produce the documents: "At the end of the day... the duty to produce documents rests on the party and their attorneys. Once that duty is made clear to a party, either by court order or by instructions from counsel, that party is on notice of its obligations and acts at its own peril." Zubulake V, 229 F.R.D. at 436.

And, of course, it is always appropriate to hold parties accountable for their own personal conduct, and any individual Defendants who personally with holds evidence are naturally responsible for those acts. See, Flury v. Daimler Chrysler Corp. 427 F.3d 939, 944 (11th Cir. 2005); Connor v. Sun Trust Bank, 546 F. Supp. 2d 1360, 1377 (N.D. Ga. 2008).

**The responsibility of counsel.**

Defendants' counsel is also liable for their violations of Rules 26 and 37 of the Federal Rules of Civil Procedures in connection with their conduct in this action. Attorneys have many obligations in responding to discovery and the counsel for this Defendant (NCO) failed: counsel has a duty to effectively communicate to her client its discovery obligations so that all relevant information is discovered, retained, and produced. In particular, once the duty to preserve attaches, counsel must identify sources of discoverable information and produce the documents. **Zubulake V, 229 F.R.D. at 439.**

**Sanctions**

The Court has broad discretion to impose sanctions for discovery violations, deriving "from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." Flury, 427 F.3d at 944, citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).78 Defendants and their counsel are also subject to specific sanctions under Rules 26 and 37 of the Federal Rules of Civil Procedure. "'The key to unlocking the court's inherent power is a finding of bad faith,' and a party may demonstrate bad faith by delaying or disrupting litigation or hampering the enforcement of a court order." Kipperman v. Onex Corp., 260 F.R.D. 682, 699 (N.D. Ga. 2009), citing In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006).

The relief specifically requested at this time by Plaintiffs is remedial and compensatory; it is intended to put Plaintiffs in the same place they would be without Defendants' abuses by giving Plaintiffs the discovery he should have received March 8, 2014, and compensating plaintiff for the unnecessary time and expenses he has incurred as a result of these violations.

**Rule 37 authorizes the Court** to impose sanctions for the failure to obey a discovery order, including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) **staying further proceedings until the order is obeyed**; (v) dismissing the action or proceeding in whole or in part;(vi) **rendering a default judgment against the disobedient party; or** (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

**The Court may also, in its discretion**, wishes to impose punitive sanctions arising from Defendants' deliberate refusal to obey the Court's clearly expressed orders.

Plaintiffs respectfully ask the Court to enter the following orders in this action:

**A. Order Defendants fully to comply with discovery.**

The Court has already ordered full compliance with discovery but these orders have been ignored. Plaintiffs ask the Court again to order full compliance with discovery and, as discussed below, to use its civil contempt authority to compel actual compliance with these orders.

**B. Order Defendants or their counsel to pay for plaintiff time to deal with and write this motion.**

Defendants' bad faith authorizes the Court, in its discretion, to impose the severest of sanctions, entry of default judgment. Fed. R. Civ. P. 37(b)(2)(A).

**C. Award the reasonable attorneys' fees and costs incurred by Plaintiffs as a result of Defendants' continued and repeated failure to comply with discovery.**

Plaintiff are entitled to reasonable attorneys' fees and costs as a result of Defendants' conduct both before and after the Court's February discovery orders.

Plaintiffs' should not have had to spend time and expenses on multiple phone calls, emails, letters, good faith conferences, and now this extensive motion to compel as a result of Defendants' continuing and bad faith refusal to comply with discovery. Throughout this litigation Defendants have attempted to wear Prose Plaintiffs down by dragging out discovery disputes as much as possible.

**D. Plaintiffs request the Court to enforce all orders issued under this motion by a finding of civil contempt.**

The Court has already ordered Defendants to comply with discovery. Despite these orders Defendants ignored the Court's clear orders, and so Plaintiffs are concerned that additional orders may be similarly ignored.

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Smith v. Pefanis, 652 F. Supp. 2d 1308, 1339 (N.D. Ga. 2009). The Federal Rules of Civil Procedure authorize the Court to "[treat] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination," and other courts have exercised this authority to with regard to discovery violations. Fed. R. Civ. P. 37(B)(2)(A)(VII); Pesaplastic, C.A. v. Cincinnati Milacron Co., 799 F.2d 1510 (11th Cir. 1986).

A finding of civil contempt requires clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard v. Prudential Ins. Co. of Am., 307

F.3d 1277, 1296 (11th Cir. 2002). The Court's orders to produce Bates Records for the 6 accounts and 11 telephone numbers were clear and unambiguous and transcripts of the hearings were available to Defendants; there can be little doubt that Defendants had the ability to comply with these orders.

Given Defendants' refusal to obey the clear orders issued by this Court, Plaintiffs ask the Court to hold Defendants and their counsel in civil contempt and order them imprisoned, but give them the opportunity to purge the contempt and avoid ever being jailed simply by complying with the Court's orders within a reasonable period of time.

Plaintiffs wish to make it clear that he do not seek the actual incarceration of Defendants or their counsel; Plaintiffs merely suggest that the Court use its civil contempt authority as a mechanism to assure compliance with the Court's orders, which have already been blatantly and deliberately violated by these Defendants.

**E. Impose such punitive sanctions, if any, as the Court finds appropriate.**

Defendants' abuse of discovery hurt not only Plaintiffs but also the Court and the adversary system itself, which "relies in large part on the good faith and diligence of counsel and the parties in abiding by these rules and conducting themselves and their judicial business honestly." Metro. Opera Ass'n v. Local 100, Hotel Employees, 212 F.R.D. 178, 181 (S.D.N.Y. 2003); Victor Stanley, 2010 U.S. Dist. LEXIS 93644 at *98 ("the duty to preserve evidence ... is a duty owed to the court, not to a party's adversary.")

Discovery sanctions are intended not only to prevent unfair prejudice to litigators but also "to insure the integrity of the discovery process." Flury v. Daimler Chrysler Corp. 427 F.3d 939, 944 (11th Cir. 2005); Gratton v. Great Am. Commc'ns., 178 F.3d 1373, 1374 (11th Cir. 1999). Severe sanctions are available to the district court "not merely to penalize those whose conduct

may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976).

## CONCLUSION

Throughout this litigation the Defendants and their counsel have acted as if the rules, the law, and even the orders of this Court simply do not apply to them: or produce responsive items as required by law; failed to obey clear and unambiguous orders of this Court; and rather than produce evidence pursuant to this Court's Order, they add a document for plaintiff to sign (protective order). These violations involved Defendant NCO and two attorneys **Shannon M. Geier** and **Jennifer L. Markowski** The judicial process cannot function when parties and their counsel so flagrantly, pervasively, and deliberately ignore their obligations.

This 24th day of March 2014.

Respectfully Submitted,

By: _[signature]_

**Paul Jones**

**572 Park Street**

**Stoughton, Ma 02072**

**Pj22765@gmail.com**

**Shannon M. Geier,**

**Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 773.398.7762

sgeier@sessions-law.biz
55 W. Monroe St., Ste.1120

Chicago, IL 60603

**Jennifer L. Markowski**
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
617-951-2010
Fax: 617-235-3555
Email: jmarkowski@peabodyarnold.com


**Ranen S. Schechner**

**Andrew M. Schneiderman**
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109
617-213-7000
Fax: 617-213-7001
Email: aschneiderman@hinshawlaw.com


## CERTIFICATION & AFFIRMATION OF SERVICE

I, Paul Jones, hereby certify and declare that a true and correct copy of the above and foregoing Amended complaint was mailed on March 24, 2014, thru the U.S. Certified Mail to the parties listed below.

PAUL M. JONES, pro se
/s/ Paul M. Jones
_____
572 Park Street
Stoughton MA 02072
Pj22765@gmail.com

**Jennifer L. Markowski**
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
617-951-2010
Fax: 617-235-3555
Email: jmarkowski@peabodyarnold.com

**Ranen S. Schechner**

**Andrew M. Schneiderman**
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109
617-213-7000
Fax: 617-213-7001
Email: aschneiderman@hinshawlaw.com

**Shannon M. Geier,**

**Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 773.398.7762

sgeier@sessions-law.biz
55 W. Monroe St., Ste.1120

Chicago, IL 60603

# EXIHITBIT 1

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:13-cv-12101-DJC

Jones v. NCO Financial Services et al
Assigned to: Judge Denise J. Casper
Referred to: Magistrate Judge Marianne B. Bowler
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 08/27/2013
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

| | | |
|---|---|---|
| 02/06/2014 | 77 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Marianne B. Bowler: Motion Hearing held on 2/6/2014 re 70 MOTION to Strike 63 MOTION to Compel *and Opposiiton to Plaintiff's Motion to Compel Responses to Discovery* filed by Frederick J. Hanna, 63 MOTION to Compel filed by Paul Jones. COurt hears argument on the motions. Docket entry 63 is allowed in part and denied in part - defendants are ordered to produce discovery as stated on the record in open court. Docket entry 70 is denied. (Court Reporter: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.)(Attorneys present: Jones on his own behalf, Geier, Schneiderman, Markowski) (Garvin, Brendan) (Entered: 02/07/2014) |