UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL M JONES

Plaintiff                                              Civil Action No. 1:13-cv-12101-DJC

V.

NCO Financial Services et al

Defendants

## PLAINTIFFS (PAUL JONES) OPPOSITION TO DEFENDANTS MOTION FOR JUDGEMENT ON THE PLEADINGS

## INTRODUCTION

1. In this action, Plaintiff Paul Jones asserts claims pursuant to the Massachusetts Debt Collection Practices Act 940 CMR 7.00. (" MDCRA") Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a ("MGL 93a") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq.

2. Plaintiff's claims arise from Defendant's Fredrick J. Hanna's use of an automated telephone dialing system to telephone Plaintiff's wireless telephone numbers multiple times. Plaintiff seeks to recover actual damages, statutory damages pursuant to 47 U.S.C. §223(b)(3)(B), treble statutory damages pursuant to 47 U.S.C. §227b(3), and costs, disbursements, and reasonable attorney's fees pursuant to MDCRA 940 CMR7.00. &

MGL 93a presently before this Court is Defendant's Motion for Judgment on the Pleadings.

3. Defendant's motion raises the issue of whether plaintiff pleaded the fundamental elements under TCPA and the Massachusetts Statues.

4. In adjudicating Defendant's Motion for Judgment on the Pleadings, this Court assumes the truth of the following factual allegations contained in the Complaint. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)). Plaintiff, Paul Jones, is a resident of Stoughton Massachusetts. (Complaint ("Comp."), Docket No. 1, ¶5.) Defendant, Fredrick J. Hanna ("Fredrick") is a Georgia corporation engaged in the debt collection business.

5. In March 2011 Defendant began calling plaintiff about a debt owed by another person. Defendant called plaintiff despite the fact that they were informed that the person they are looking for does not own or have authorization to receive calls at plaintiff number. Furthermore, Plaintiff himself did not owe a debt. Plaintiff informed Defendant of these facts on multiple occasions by waiting to press a certain number after a computerized voice came on the phone.

6. Plaintiff spoke to a live person after several minutes of waiting on the telephone (Several Times) and after a live person came on asking for another individual, plaintiff informed them on several occasions that the person they are trying to contact is not at this number and to please put plaintiff telephone number on the defendants do not call list and the representative assured plaintiff that it would be done.

7. Plaintiff started receiving several calls on approximately 3-5 of his wireless telephone numbers after the defendant promised to remove his numbers from defendants call list,

plaintiff even went as far as sending several letters to the defendant requesting his wireless numbers to be removed and also sending the defendants a cease & desist letter and a letter of pending lawsuit with the lawsuit attached.

8. The defendant ignored all of plaintiffs request to stop calling his wireless numbers.

   The defendant never added plaintiff wireless telephone numbers, Plaintiff went so far as to send Defendant a cease and desist letter, all to no avail. Defendant continued contacting plaintiff several times a week through the use of an artificial or prerecorded voice message concerning another individual's debt. On the basis of these phone calls, Plaintiff filed suit.

9. Plaintiff commenced this action on August 17, 2013, alleging Defendant's phone calls were in violation of the MDCRA, MGL 93a and TCPA. Plaintiff propounded discovery on the defendant FJH on November 18, 2014 and it was due on December 18, 2014 the defendant FJH refused to produce the requested documents and plaintiff filed a Motion to compel on January 15, 2014.

10. The court ordered a hearing on February 6, 2014 and the magistrate judge ordered defendant FJH to produce the records plaintiff request by March 6, 2014.

11. Defendant FJH did not give plaintiff the records UNTIL Approximately March 21, 2014 93 days after it was originally due (December 18, 2014) that's 3 months and3 days plaintiff has a request to extend his discovery for 60 days so plaintiff can get the remaining discovery he needs so that he cam amend his complaint, take depositions and prepare for trial.

12. Plaintiff ask the court to dismiss defendants FJH Motion for judgment of the pleadings until plaintiff can catch up on the lost 3 months of his discovery that he has lost so that he can amend and depose and prepare for trial.

13. Plaintiff would like to point out that he has given each and every defendant what the requested of him and has even giver an 8 hour deposition to the defendants FJH & NCO.

14. Defendants has everything they need to oppose the plaintiff be has been successful in holding plaintiff up by not giving plaintiff a timely discovery so that I may prepare for trial and stick to the scheduling order that judge Denise J. Casper set forth on November 18, 2013.

15. Plaintiff request the court to dismiss this motion because plaintiff will be prejudiced if it is ruled on because plaintiff has lost 93 days of discovery because the defendant FJH with held document.

16. Plaintiff has not even received the documents (records) from the defendant NCO yet that was ordered to be given to him by March 6, 2014 plaintiff has not receive any documents subpoena on March 1, 2014. Plaintiff has motions before the court to compel defendants to produce documents, Request court to amend the discovery deadlines for 60 days, plaintiff cannot even take deposition yet until the motions he has on the docket can be ruled on and defendant FJH knows this, and is trying to have the court rule on this motion for judgment on the pleadings when in fact they know plaintiff is rung 3-4 months behind in discovery because of tactics by both remanding defendants Fredrick J. Hanna & NCO.

17. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are *closed-but early* enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard by which to decide a 12(c) motion is the same as for a

12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Bank of N.Y., 607 F.3d at 922 (citing Sheppard v. Beerman, 18 F.3d 147, 150 *4 (2d Cir. 1994)). The court will accept as true all factual allegations in the non-moving party's pleadings and draw all reasonable inferences in favor of the party opposing the motion. See id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)). B. Defendant's Motion for Judgment on the Pleadings Plaintiff claims Defendant violated the TCPA, MDCRA and MGL 93a by calling plaintiff on his wireless telephone even after Defendant learned that Plaintiff was not a debtor.

18. Federal Communications Commission ("FCC"). "Congress's stated purpose in enacting the TCPA was to 'protect the privacy interests of telephone subscribers by placing restrictions on unsolicited, automated telephone calls to wireless number and to facilitate interstate commerce by restricting certain uses of facsimile (fax) machines and automatic dialers." Bonime v. Avayu, 547 F.3d 497, 499 (2d Cir. 2008) (quoting S. Rep. No. 102-178, at 1 (1991)), abrogation on other grounds recognized by Holster v. Gatco, Inc., 618 F.3d 214 (2d Cir. 2010). In relevant part, the TCPA provides that: It shall be unlawful for any person within the United States... to initiate any telephone call to any wireless telephone number using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is exempted by rule or order by the FCC under paragraph (2)(B). 47 U.S.C. §227(b)(1)(B).

19. The FCC has authority to exempt a category of calls from this prohibition, if it *5 determines that such calls "will not adversely affect the privacy rights that this section is intended to protect" and "do not include the transmission of any unsolicited advertisement." 47 U.S.C. §227(b)(2)(B)(ii). Pursuant to this authority, the FCC created

an exception in 47 C.F.R. §64.1200(a)(2)(iii), which provides that 47 U.S.C. §227(b)(1)(B) will not apply where a call "[i]s made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation."

20. The FCC addressed the applicability of this regulation to debt collection calls in a Report and Order in 1992, and again in 1995. In those decisions, the FCC concluded that "an express exemption from the TCPA's prohibitions for debt collection calls is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C.R. 8752, 8773 (FCC Sept. 17, 1992); In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 F.C.C.R. 12391, 12400 (FCC Aug. 7, 1995). In the present case, the parties do not dispute that Defendant's calls would be exempted under the TCPA were Franasiak a debtor from whom Defendant was trying to collect a debt. See Pugliese v. Prof'l Recovery Serv., Inc., No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010); Bates v. I.C. Sys., Inc., No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y., Oct. 19, 2009).

21. However, Plaintiff argues that the FCC did not consider calls by debt collectors to nondebtors, such as himself, and therefore Defendant's calls must fall outside the exceptions carved out by the FCC. The parties' dispute is one a number of courts, confronted with factually analogous cases, have addressed with varying results. The court

in Watson v. NCO Group, Inc., found that "the FCC has not directly addressed the issue of erroneous debt collection calls." 462 F. Supp. 2d 641, 644 (E.D. Pa. 2006).

22. TCPA is intended to protect, the court considered whether the calls had adversely affected plaintiff's privacy rights. Id. The court concluded that "**a non-debtors rights** are in fact violated when he is subjected to repeated annoying and abusive debt collection calls that he remains powerless to stop." Id. at 645. Consequently, the court determined that the commercial calls exception did not cover the calls, and held the TCPA applicable.

**Wherefore**: Plaintiff request this court to dismiss defendants FJH, s motion for judgment on the pleadings until the court rules on plaintiffs motions that are before the court, so that plaintiff can finally get documents that were ordered by the magistrate judge on February 6, 2014 and a ruling on plaintiffs request to extend discovery so that he may get documents he needs for depositions, amending complaint, subpoenas and other evidence to move his case for trial.

Respectfully Submitted

Paul Jones
572 Park Street
Stoughton, Ma 02072
888-655-3004

Ranen S. Schechner
Andrew M. Schneiderman
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109
61 617-213-7000
Fax 617-213-7001
Email aschneiderman@hinshawlaw.com

**James K. Schultz**
Sessions, Fishman, Nathon & Israel LLC
55 West Monroe St
Suite 1120
Chicago, IL 60603
312-578-0990
Email: jschultz@sessions-law.biz

**Shannon M. Geier**
Sessions, Fishman, Nathan & Israel, LLC
55 West Monroe St.
Suite 1120
Chicago, IL 60603
773-498-7762
Fax: 312-578-0991
Email: sgeier@sessions-law.biz

**Jennifer L. Markowski**
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
617-951-2010
Fax: 617-235-3555
Email: jmarkowski@peabodyarnold.com

## CERTIFICATE OF SERVICE

I Paul Jones the plaintiff certify that I have emailed & mailed each participant a copy by USPS first class mail pre paid by plaintiff to all the participants on this 14th day of May 2014.

May 15, 2014

Respectfully Submitted,
Paul Jones
572 Park Street
Stoughton, Ma 02072
Pj22765@gmail.com
888-655-3004

**Ranen S. Schechner**

**A Andrew M. Schneiderman**
Hinshaw & Culbertson LLP
28 State Street
24th Floor
Boston, MA 02109
61 617-213-7000
Fax 617-213-7001
Email: aschneiderman@hinshawlaw.com

**James K. Schultz**
Sessions, Fishman, Nathon & Israel LLC
55 West Monroe St.
Suite 1120
Chicago, IL 60603
312-578-0990
Email: jschultz@sessions-law.biz

**Shannon M. Geier**
Sessions, Fishman, Nathan & Israel, LLC
55 West Monroe St.
Suite 1120
Chicago, IL 60603
773-498-7762
Fax: 312-578-0991
Email: sgeier@sessions-law.biz

**Jennifer L. Markowski**
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
617-951-2010
Fax: 617-235-3555
Email: jmarkowski@peabodyarnold.com