UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>      Plaintiff,<br><br>      v.<br><br>NCO FINANCIAL SERVICES, et al.,<br><br>      Defendants. | Civil Action No. 13-12101-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          November 14, 2014

### I.     Introduction

Plaintiff Paul Jones ("Jones") brought this lawsuit alleging illegal debt collection practices against several defendants. D. 18. Defendant Frederick J. Hanna & Associates, P.C. ("Hanna") has moved for judgment on the pleadings as to Count Three, violation of Mass. Gen. L. c. 93A; Count Four, violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); Count Five, violation of 47 U.S.C. § 227(b)(2)(5); and Count Six, violation of the Massachusetts Debt Collection Regulations, 904 C.M.R. § 7.00. D. 102; see D. 18. For the reasons discussed below, the Court ALLOWS Hanna's motion for judgment on the pleadings, D. 102.

### II.    Factual Allegations

The facts recited are as alleged in the amended complaint, D. 18, unless otherwise noted.

1

Hanna is a corporation involved in debt collection. Id. ¶ 11. Hanna had no prior business relationship with Jones or permission to contact him. Id. ¶ 18–19. Jones asserts in his opposition to the instant motion that in March 2011, Hanna began calling Jones, in an effort to reach a different individual who owed it debt. D. 107 ¶ 5. After the first of such calls, Jones made attempts to correct Hanna and cease the calls, for which Jones was charged overage fees by his phone provider. D. 18 ¶ 29–30. The calls continued, however, even after Jones was told that his number had been removed from the call list. Id. ¶ 38. Jones claims that Hanna called his cell phone more than thirty times using an automatic telephone dialing system. Id. ¶ 70.

Jones further alleges that Hanna failed to identify itself when communicating with him via telephone and failed to timely send him written notice of his alleged debt. D. 18 ¶ 110. Jones also asserts that Hanna refused to correct reporting errors on his credit report, subjecting him to a denial of credit. Id. ¶ 96-97.

### III. Procedural History

Jones filed his complaint *pro se* on August 27, 2013. D. 1. He amended the complaint on September 11, 2013, D. 18, which is now the operative complaint in this case. Jones has voluntarily dismissed several Defendants. D. 8, 31, 32, 44, 45, 53, 54, 69. Hanna and NCO Financial Services are the only remaining defendants. Hanna has moved for a judgment on the pleadings as to Counts Three through Six, the only counts in which it is named. D. 102.

### IV. Standard of Review

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez–Acevedo v. Rivero–Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43–44 (1st Cir. 2007)). "[The] complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations

in the complaint are true. . . .'" Perez–Acevedo, 520 F.3d at 29 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). The Court views the facts in the light most favorable to the Plaintiff. Perez–Acevedo, 520 F.3d at 29 (citation omitted). Further, the Court must "draw all reasonable inferences in Plaintiff's favor as the non moving party." Petricca v. City of Gardener, 194 F. Supp. 2d 1, 4 (D. Mass. 2002) (citation omitted). Still, "courts need not credit conclusory statements or merely subjective characterizations, but rather plaintiffs must set forth in their complaint specific, nonconclusory factual allegations regarding each material element to sustain recovery." Class v. Commonwealth of Puerto Rico, 309 F. Supp. 2d 235, 237 (D.P.R. 2004) (citing Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)).

In reviewing the motion, the Court may consider the complaint, answer, "'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran, 509 F.3d at 44 (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002).

**V. Discussion**

    **A. Jones Has Not Sufficiently Pleaded a Violation of the TCPA as to this Defendant**

Hanna first asserts that Jones has not adequately pleaded that Hanna used an automatic telephone dialing system ("ATDS") to call him, which is a required element of a TCPA claim. D. 103 at 4.

The TCPA provides:

3

> [i]t shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number not assigned to a . . . cellular telephone service.

47 U.S.C § 227(b)(1). The statute defines an ATDS as equipment with the ability "to store or produce telephone numbers to be called, using a random or sequential number generator; and [] to dial such numbers." 47 U.S.C. § 227(a)(1).

To sustain a TCPA claim, the Plaintiff must plead that "(1) the Defendant called a cellular telephone; (2) using an ADTS; (3) without the recipient's prior express consent." Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84, 86 (D. Mass. October 17, 2013) (Tauro, J.); 47 U.S.C. § 227(b)(1)(A)(iii).[1] The Court recognizes, as have other district courts, that alleging specific details regarding a defendant's use of an ATDS can pose a challenge prior to conducting discovery. See, e.g., Hickey v. Voxernet, LLC, 887 F. Supp. 2d 1125, 1129–1130 (W.D. Wash. 2012) (noting "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . courts can rely on details about the call to infer the use of an ATDS") (citations and quotations omitted). Still, several courts agree that to satisfy this particular element of a TCPA claim, a plaintiff must plead more than the bare allegation that an ATDS was used. See Baranski v. NCO Fin. Sys., Inc., No. 13 CV 6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014). That is, "'well-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used.'" Jones, 978 F. Supp. 2d at 86–87 & n.

---

[1] In Jones, 978 F. Supp. 2d 84, a case also brought *pro se* by this plaintiff, the Court entered its decision on the merits of the motion to dismiss subsequent to Jones's filing of a notice of voluntary dismissal. Jones, No. 13-11286, docket entries 18, 20. The Court later vacated its decision on the motion to dismiss and instead terminated the case pursuant to the voluntary dismissal. See id.

4

11-12 (quoting Gragg v. Orange Cab Co., Inc., 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013)). For instance, plaintiffs may "describe the robotic sound of the voice on the other line, the lack of human response when [] attempt[ing] to have a conversation with the 'person' calling [or] the generic content of the message [] received . . ." Johansen v. Vivant, Inc., No. 12-C-7159, 2012 WL 659051, at *3 (N.D. Ill. Dec. 18, 2012). Here, Jones recites the elements of the TCPA claim and quotes the language from 47 U.S.C. § 227(b)(1)(A)(iii), but does not cite any factual basis for his allegations. See D. 18 ¶ 103. Jones alleges that Hanna – along with eleven other Defendants – called him with "robo type phone calls" a total of about 700 times in two years, id. ¶ 49, and that the twelve Defendants collectively called him "using [an] automatic dialing system some time[s] 7-10 times a day." Id. ¶ 51. Specific to Hanna, Jones points to certain allegations in the amended complaint in support of his claim, stating that "Hanna called Plaintiff's telephone number over 30 times" in a ten-month period, id. ¶ 70, with "no prior or present established relationship." Id. ¶ 79. Jones does not, however provide facts regarding the nature or content of the calls (particularly any calls made by Hanna) or other facts that would allow the Court to make a reasonable inference that Hanna's calls were made with an ATDS.[2] See McGinity v. Tracfone Wireless, No. 6:13-1214-ORL-22, 2014 WL 1202950, at *3 (M.D. Fla. Mar. 11, 2014)

---

[2]In his opposition to the instant motion Jones asserts that Hanna used a "skip tracing" device, which Jones contends has the capacity to "store and dial numbers." D. 110 ¶ 15, Exhibit 4. Jones, however, did not make allegations regarding Hanna's use of a skip tracer in his amended complaint. Further, even if the Court could consider this exhibit in resolving a motion for judgment on the pleadings, see Curran, 509 F.3d at 44, and even if the exhibit supported the proposition that Hanna used a skip tracer (which is not apparent), see D. 110-1 at 42–59, there is no evidence on this record that any skip tracer Hanna may have used had the ability to store or dial numbers, as is required by the TCPA, 47 U.S.C. § 227(a)(1), (b)(1). See Echevvaria v. Diversified Consultants, Inc., No. 13-civ-4980, 2014 WL 929275, at *8 (S.D.N.Y. Feb. 28, 2014) (citing Meyer v. Portfolio Recovery Assoc., LLC, 707 F.3d 1036, 1040 n. 1 (9th Cir. 2012)) (defining skip tracing as "the process of developing new telephone, address, job or asset information on a customer, or verifying the accuracy of such information").

5

(concluding that allegation that defendant called her 6,000 times in forty-five days was not sufficient to plausibly infer the use of an ADTS).

The Court recognizes that *pro se* litigants are generally held to a less stringent pleading standard than attorneys. Green v. Com. of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985) (citing cases). "However, a pro se complaint must include some facts in support of the claim that would entitle the plaintiffs to relief" and "[w]here no such factual basis is provided, the claims must be dismissed." Stratton v. City of Boston, 732 F. Supp. 42, 47 (D. Mass. 1989). The Court also notes that while Jones is representing himself in this matter, he is no stranger to litigation or litigation of similar claims. See Jones, 978 F. Supp. 2d at 87 (denying motion to amend on the grounds that "[l]ike his original complaint, Plaintiff's proposed amended complaint fails to allege that Defendant made any of the alleged telephone calls using an ATDS. The sole reference in the proposed amended complaint to the use of ATDS reads, in relevant part: "On information and belief, . . . Defendant used an automated telephone dialing system as defined by 47 U.S.C. § 227(a)(1) when it made each and every call to Plaintiffs [sic] wireless numbers . . . ."). Jones is a frequent litigant who has brought numerous similar claims before other courts, has responded to multiple motions to dismiss and has previously moved to amend similar complaints. See, e.g., Paul Jones v. Client Services, Inc., No. 13-11274 (D. Mass. 2013); Jones v. Diversified Consultants, Inc., No. 13-cv-11277 (D. Mass. 2013); Jones v. GC Services Limited Partnership, No. 13-cv-11281 (D. Mass. 2013); Jones v. Experian Information Solutions, Inc. et al., No. 14-cv-10218 (D. Mass. 2014).

For all of these reasons, the Court ALLOWS Hanna's motion for judgment on the pleadings as to Counts Four and Five.

### B. Jones Has Not Sufficiently Pleaded a Violation of Chapter 93A

Hanna next asserts that because Jones's Chapter 93A claim is predicated upon his TCPA claim, the Chapter 93A claim also fails. D. 103 at 7. The Court agrees that Jones has not sufficiently stated a Chapter 93A claim.

To prevail on this cause of action, Jones "must prove that a person who engaged in trade or business committed an unfair or deceptive trade practice and that the [he] suffered a loss of money or property as a result." Mass. Gen. L. c. 93A § 2; Markle v. HSBC Mortg. Corp. (USA), 844 F. Supp. 2d 172, 185 (D. Mass. 2011) (citing cases). In determining whether a trade practice is unfair, courts generally consider "(1) whether the practice is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; and (3) whether it causes substantial injury to consumers. . ." Santelieses v. Bank of Am., N.A., No. 12–11164–NMG, 2012 WL 6045986, at *6 (D. Mass. Oct. 22, 2012) (citations and quotations omitted). An act is deceptive if it has "the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted." Maldonado v. AMS Servicing LLC, Nos. 11–40044–FDS, 11–40219–FDS, 2012 WL 220249, at *7 (D. Mass. Jan. 24, 2012) (citing Aspinall v. Philip Morris Cos., 442 Mass. 381, 394 (2004)).

Here, Jones alleges baldly that Hanna "violated the TCPA, FDCPA [and] FCRA, which is an automatic violation of [Chapter 93A]." D. 18 ¶ 98. To the extent Jones's claim against Hanna is predicated upon the existence of the above violations, the derivative Chapter 93A claim cannot stand. As discussed above, Jones has failed to plead a sufficient TCPA claim against this defendant. See Jones, 978 F. Supp. 2d at 87 (concluding that "[b]ecause Plaintiff did not establish the existence of a viable TCPA claim, his derivative Chapter 93A claim fails as a matter of law"). Further Jones did not assert a factual basis for either a FDCPA or FCRA claim

7

against Hanna.  See generally D. 18; D. 18 ¶¶ 80-94 (FDCPA and FCRA claims not naming Hanna).

The Court recognizes that "it is neither necessary nor sufficient that a particular act or practice violate common or statutory law." Kozaryn v. Ocwen Loan Servicing, LLC, 784 F. Supp. 2d 100, 102 (D. Mass. 2011) (citing cases).  In this case, however, Jones's other allegations do not provide a sufficient factual basis to sustain a Chapter 93A claim.  First, Jones alleges that Hanna "refused to correct their reporting errors of Plaintiff[']s Credit Report that subjected Plaintiff to denial of credit." D. 18 ¶ 97.  The Court concludes that this bare allegation does not rise to the level of an "unfair or deceptive" practice.  See Leet v. Cellco Parternship, No. 06-40096-FDS, 2007 WL 3332803, at *2 (D. Mass. Oct. 19, 2007) (concluding that taking a long time to remove "derogatory information" from a credit report was not a Chapter 93A violation, as there was no attempt to manipulate or deceive the plaintiff).  Further, while Jones alleges that Hanna and the other Defendants "refused to send Plaintiff copies of verification and validation that were sent to them," D. 18 ¶ 96, the Court cannot discern the nature of this allegation and Jones provides no other factual support for it.  Finally, Jones also alleges that Hanna and the other Defendants, "refused to stop all calls after Plaintiff sent several requests by mail and verbally informed [their] call centers." D. 18 ¶ 99.  The Court concludes that this allegation also fails to meet the standard of a Chapter 93A violation, as Jones has not provided a factual basis for how this practice caused him substantial harm or to "act differently from the way [he] would have otherwise acted." See Santelieses, 2012 WL 6045986, at *6; Maldonado, 2012 WL 220249, at *7.

Therefore, the Court ALLOWS Hanna's motion for judgment on the pleadings as to Count Three.

### C. No Private Right of Action Exists Under the MFDCPA

Lastly, Hanna argues that no private right of action exists under the Massachusetts Attorney General's debt collection regulations, warranting judgment in its favor on this count. D. 103 at 8. "Massachusetts courts are 'reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference.'. . . Without an enabling statute to support it, a private cause of action cannot be inferred solely from an agency regulation." Ishaq v. Wachovia Mortgage, FSB, No. 09-11422-RGS, 2010 WL 1380386, at *4 (D. Mass. Apr. 2, 2010) (quoting Loffredo v. Ctr. for Addictive Behaviors, 426 Mass. 541, 544 (1998)). The Court agrees with Hanna that the regulations cited here, 940 C.M.R. § 7.00, provide no indication that a private right of action exists under these regulations. Rather, "[t]he purpose of 940 CMR § 7.00 is to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts." 904 C.M.R. § 7.01. A private right of action still exists under Mass. Gen. L. c. 93A for vindicating a private citizen's rights for unfair or deceptive acts or practices. Therefore, the Court ALLOWS Hanna's motion for judgment on the pleadings as to Count Six.

### VI. Conclusion

For the reasons discussed above, the Court ALLOWS Hanna's motion for judgment on the pleadings as to Counts III through VI against Hanna, D. 102, and DISMISSES Hanna from this case.[3]

**So ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] The Court notes that Jones's pending motion for judgment on the pleadings, D. 140, is against Defendant NCO Financial Services, D. 140 at 12, and does not warrant a different outcome as to this motion filed by co-defendant Hanna.